# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## BROOKLYN STYLE LEASING, INC. V. SHARAHANI LOGISTICS, ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT00445810      Jerry Stokes, Judge**

**No. W2011-02467-COA-R3-CV - Filed July 26, 2012**

The order appealed is not a final judgment and therefore we dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. HIGHERS, P.J.W.S., DAVID R. FARMER, J., AND HOLLY M. KIRBY, J.

Stella M. Kamoni, self-represented appellant.

Charles Wesley Fowler, Memphis, Tennessee, for the appellee, Brooklyn Style Leasing, Inc.

## MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appears to the Court that it does not have jurisdiction. Plaintiff/Appellee Brooklyn Style Leasing, Inc. filed a complaint in the trial court asserting claims against Defendant Avenir Partners, Inc. d/b/a Lexus of Memphis, Defendant/Appellant Stella M. Kamoni d/b/a Sharahani Logistics, and Defendant 1st Auto Transport Directory, Inc. d/b/a/ Central Dispatch System. On September 30, 2011, the trial

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court entered a default judgment as to Defendant/Appellant Stella M. Kamoni d/b/a Sharahani Logistics and Appellant filed a Notice of Appeal of that order on October 7, 2011. Later, on February 1, 2012, the trial court dismissed the complaint as to Defendant 1st Auto Transport Directory, Inc. d/b/a/ Central Dispatch System. There is nothing in the record, however, adjudicating Plaintiff/Appellee's claims as to Defendant Avenir Partners, Inc. d/b/a Lexus of Memphis. Moreover, the trial court did not adjudicate Appellee's claim for damages as to Defendant/Appellant Stella M. Kamoni d/b/a Sharahani Logistics.

By Order entered on May 22, 2012, the Court directed Appellant to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order or else show cause within fifteen (15) days from the entry of that Order why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Our Order of May 22, 2012, also provided "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order of May 22, 2012, to Appellant by certified mail, return receipt requested. Later, the Clerk received the return receipt indicating that Appellant received the mail parcel on May 24, 2012. As of this date, however, the Clerk has not received a supplemental record containing a final judgment for this matter and Appellant has not otherwise responded to our Order.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990). The Order appealed in this matter is clearly not a final judgment and therefore, the Court must dismiss this appeal.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, Stella M. Kamoni, for which execution may issue if necessary.

**PER CURIAM**